BUITRAGO, PLAINTIFF AND APPELLANT, *v.* GILOT, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Ponce in an Action for the Recovery of Property.

No. 1824.—Decided May 5, 1919.

TAXES—USUFRUCT—NUDE OWNERSHIP.—When the nude ownership of a property is in one person and the usufruct in another, it is the duty of the usufructuary to pay the annual taxes levied on said property.

The facts are stated in the opinion.

*Mr. José Tous Soto* for the appellant.

*Mr. R. Martínez Nadal* for the appellee.

MR. JUSTICE DEL TÓRO delivered the opinion of the court.

The plaintiff alleges in her complaint that in 1907 she entered into possession of two rural properties as usufructuary heir of Carlos Gilot, having paid the taxes levied thereon amounting to $1,692.27, and that the defendant, the owner of a half interest in the legal title to the two properties, has not reimbursed the plaintiff for half of the aforesaid sum, although he has repeatedly been demanded to do so. The plaintiff prays the court to adjudge that the defendant owes her the sum of $846.13 which he must pay to her or her heirs when the usufruct terminates, the said debt being a preferred lien on the properties.

The action of the plaintiff was dismissed by the court on motion of the defendant and the plaintiff then appealed to this court, assigning as the only error the improper application of section 504 of the revised Civil Code, "inasmuch as the taxes paid by the plaintiff were levied on the capital and should be paid by the owner."

The revised Civil Code, like the old Civil Code, devotes the whole of Chapter I, Title VI, Book Second, to Usufruct, *i. e.,* the right to enjoy a thing owned by another person and to receive all the products and profits produced thereby, under the obligation of preserving its form and substance, unless the deed constituting such usufruct or the law provides otherwise. Sec. 469 of the Civil Code.

The legislators prescribe that the rights and obligations of the usufructuary shall be those stated in the deed establishing the usufruct, and that in the absence of such deed, or because of its incompleteness, the provisions of sections 471 to 521 of the Civil Code shall govern.

The plaintiff, as above stated, took possession of the properties in question as usufructuary heir of Carlos Gilot. No special conditions are alleged and therefore the usufruct must be governed by the statutes provided for such cases.

The question, then, in this case is to determine whether, according to law, the taxes levied on the value of the property in usufruct (secs. 285 *et seq.* of the Political Code) should be paid by the usufructuary or by the owner of the fee.

Section 503 of the revised Civil Code, like section 504 of the old code, provides that "the payment of charges and annual taxes and of those considered as liens on the fruits, shall be at the expense of the usufructuary so long as the usufruct continues."

Section 1 of the Act of March 12, 1908, which repealed and substituted section 285 of the Political Code, under which the tax in question is levied and collected, begins as follows: "That for and during the fiscal year beginning the first day of July, nineteen hundred and eight, and ending the thirtieth day of June, nineteen hundred and nine, and in every succeeding fiscal year * * *."

This being so, it is clear that the tax in this case is an annual tax and should be paid, therefore, by the usufructuary.

But section 503 is not the only provision in the code touching on this point. Section 504, equivalent to section 505 of the old code, reads as follows: "Taxes imposed directly upon the capital during the usufruct, shall be paid by the owner. If the latter has paid them, the usufructuary shall pay him proper interest on the sum he may have disbursed by reason thereof and, if the usufructuary advance the amounts of such taxes, he shall receive the amount thereof at the end of the usufruct." And the plaintiff-appellant maintains that this being a tax levied on the capital and she having advanced it, her right must be recognized to receive the amount at the termination of the usufruct and the defendant should be ordered to create a mortgage on his condominium to secure the debt.

As we have said, the provisions of the revised Civil Code are similar to those of the old Civil Code. The parties have not cited, nor have we been able to find, any jurisprudence of the Supreme Court of Spain construing these statutes.

Manresa, in his Commentaries on the Civil Code, Vol. IV, page 479, third edition, says:

"The taxes levied directly on the capital must be paid by the owner. The fact is that as the tax on the capital is not favored by the economists and the income is considered a more rational basis therefor, the taxes to be paid by the owner are few and exceptional. Besides certain personal taxes on titles, salaries, etc., which are naturally excluded from the spirit of these sections, we find that only certain extraordinary taxes may affect the capital, such as compulsory loans, war taxes, etc."

And Scaevola, in his Commentaries on the Civil Code, vol. 9, page 277, expresses himself as follows:

"From the foregoing it may be deduced, in view of the premises established, that the taxes levied (of course, during the usufruct) directly on the capital or property must be paid by the owner, but as he has not the full ownership, nor, therefore, the use of the property, because it is restricted by the usufructuary lien, he must receive the interest on the money which he may have paid for such taxes. Examples of taxes on the property are extraordinary war taxes, compulsory loans, the old so-called poll annuities, *i. e.*, all such liens as are imposed on the person and the property and not on the profits that it may produce."

Of course, both authors, in previously commenting on section 504, emphasize the justness of imposing upon the usufructuary the payment of the annual taxes, which, as is well known, are levied on the products of the encumbered properties.

"It is natural, as the Roman Law provided, that if the usufructuary receives the profits and advantages of the property so held he should also bear the burdens which affect it while the usufruct exists, because that duty is imposed in consideration of this fact and while the use of the property is in the person who must fulfil that duty;  *  *  *." 9 Scaevola, *Cod. Civ.* 275.

Therefore, section 504 of the revised Civil Code alone renders the solution of the problem equally clear that the usufructuary must pay the annual tax in question. But there

are other statutes to be considered. There has been a change in the system of levying taxes in Porto Rico and it is upon that change that the appellant bases all the force of her argument. She maintains that since July 1, 1901, the taxes levied on property in Porto Rico are taxes on the capital and not on the rents and profits, and that, this being so, the word "capital" used in section 504 has not the scope given to it by the Spanish commentators.

We do not agree with the appellant. Indeed, there was a change in the system. It is true that the tax is now levied on the *value* of the thing. But, which value? That of the naked ownership or that of the usufruct? The law does not distinguish. The law considers the value of the thing in itself and it is the thing that is directly bound for the payment of the tax.

How is the value of the thing estimated? Undoubtedly, one of the elements for the assessment has always been and still is what the property produces or can produce. A hectare of valley land has not the same value as a hectare of mountain land. The market value of the products generally determines the market value of the land which produces it, and it is the market value of the land that must be taken into account in the assessment for the levying of taxes. Generally, lands used or that may be used for growing sugarcane, tobacco or coffee, in similar regions, are assessed at the same value. Of course, it is not considered whether they produce or not. But it cannot be denied that the actual production in one or more particular cases must serve as a basis for estimating the productive capacity in all other cases.

It will be said that the Political Code repeatedly refers to the owner of the property and that the owner, in a case like this, is the owner of the fee and not the usufructuary. We will add that the Civil Code speaks of the owner as the owner of the fee and that, therefore, there being no special rule for this class of cases in the Political Code, it must be understood that the levying and collecting of taxes should

be as against the owner of the fee. But this cannot mean that in determining the private relations between the owner of the fee and the usufructuary this fact will have the effect of influencing a departure from the construction which for such a long time has been given to the word *capital* used in section 504.

In our opinion, in leaving in effect in 1902 article 505 of the old code by making it section 504 of the revised code, the Législature gave the word *capital* the same restricted meaning that it formerly had and never intended to change the existing rule between the owner of the fee and the usufructuary as to the payment of taxes. Now, as formerly, the annual taxes must be paid by the usufructuary, whether they are based on the value of the products of the property or on the value of the property itself, and it is just that it should be so, because, as Falcón says and Scaevola quotes in volume 9, page 87, of his Commentaries, the usufructuary "enjoys active and dominical powers over the properties in usufruct, inasmuch as he exercises a right corresponding to the owner and shares with him the dominion of the thing," receiving the benefit of all the profits.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf dissented.

### DISSENTING OPINION OF MR. JUSTICE WOLF.

The rule in Porto Rico is that the owner must pay the taxes and an exception, hence, should be clearly demonstrated. The fruits may be nothing more than a right to go on the land of which the usufructuary some day intends to make avail. I agree with the appellant that the taxes on land are taxes on the capital and not on the fruits. The payment of "annual" taxes referred to in section 503 creates some confusion, but this section was copied from a previous system.

The ultimate intention as expressed in section 504 should prevail, as appellant maintains, especially when the elaborate system introduced by the Political Code is considered.